## Garrison *v.* Erb, Appellant.

Argued January 11, 1967.  Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

*John J. Foff,* for appellants.

*Joseph L. Ehrenreich,* with him *William G. Klenk,
II,* and *Ehrenreich, Sidkoff, Edelstein & Shusterman,*
for appellee.

Opinion Per Curiam, March 15, 1967:

Mr. and Mrs. Erb owned certain realty, subject to
a mortgage held by the Cheltenham Federal Savings
and Loan Association.  When they failed to meet their
mortgage payments, the Loan Association entered judg-
ment on the bond and warrant; a writ of execution
followed and the property was sold at sheriff's sale for
$22,300 to Robert F. Garrison who then assigned it to
his wife Alice.

Later, the Erbs sought to repurchase the property,
claiming that the selling price had been much too low
in view of the improvements made on the property,
which improvements, the Erbs stated, had not been
properly described in the advertisements and handbills.

The Erbs assert that the Garrisons gave "the indi-
cation" that they would not record the deed until a

sale back to them could be negotiated. On April 5, 1966, the deed was recorded. On May 6, 1966 the Garrisons instituted action to quiet title to the property purchased by them. On June 8, 1966, the Erbs filed a petition for resale property at sheriff's sale with a rule to show cause, including a stay of proceedings. The petition alleged that the sale was not in compliance with Pennsylvania Rules of Civil Procedure No. 3129(a) in that the sheriff's handbills contained no description of the interior improvements (such as new heating system and plumbing) and that the price was grossly inadequate. The petitioners stated that they had taken no action to set aside the sale because of their reliance on the Garrisons' "indication" that the deed would not be recorded until a sale to the Erbs could be negotiated. The court denied the issuance of a rule as requested by this petition. The Erbs appealed but the appeal was quashed by this Court.

In answer to the Garrisons' action to quiet title, the Erbs averred that the "judicial sale is a nullity because of non-compliance with the Rules of Civil Procedure and the Laws of the Commonwealth of Pennsylvania." The Garrisons moved for judgment on the pleadings, which was granted by the court below. The Erbs have appealed here.

The answer filed by the Erbs consisted only of a conclusion of law. The averments made in the petition for resale were not repeated, nor were they incorporated by reference. In addition, the issues raised in the petition for resale were finally adjudicated against the Erbs and their appeal from that decision was quashed. The issues cannot be relitigated. Even so, there would be no legal justification for granting what the Erbs seek. The mere fact that the notice of sale failed to list the aforementioned improvements on the property, could not vitiate the sale, once the deed was delivered. Alleged defects or irregularities in the proceedings and

description of property in the notice of sale are foreclosed as defenses by delivery of the sheriff's deed. The only attacks possible after delivery of deed to the purchaser are those based on fraud which vitiates the transaction, or on lack of authority to make the sale. (*Knox v. Noggle,* 328 Pa. 302.) Those elements do not appear here. That the Garrisons "indicated" they would not record the deed already in their possession cannot be advanced as fraud, if indeed it could be considered fraud at all, that would vitiate the sale.

The Erbs stood by and allowed the property to be sold in the manner now complained of and thereafter took no immediate steps to nullify the sale. They chose, instead, to deal directly with the Garrisons who gave them no commitment recognizable in this kind of action.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.