Concord-Liberty Savings and Loan Association et al. v. NTC Properties, Inc.
General Electric Company Appeal.

Argued September 26, 1973. Before JONES, C. J.,
EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*Saul J. Bernstein*, with him *Alexander H. Lindsay,
Bernstein and Campbell*, and *Lindsay, McGinnis, Mc-
Candless & McCabe*, for appellant.

*Norman D. Jaffe*, with him *Frank R. Bolte, Charles
J. Jacques, Galbreath, Braham, Gregg, Kirkpatrick,
Jaffe, Montgomery*, and *Baskin, Boreman, Wilner,
Sachs, Gondelman & Craig*, and *Jacques & Jacques*, for
appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 26,
1973:

This appeal arises from denial by the Butler County
Court of Common Pleas of appellant General Electric
Company's petition to set aside a sheriff's execution
sale, or in lieu thereof, that the sheriff be required to
file an amended schedule of distribution, nunc pro tunc.

On August 26, 1971, Concord-Liberty Savings and Loan Association (Concord), one of the appellees, filed a complaint in mortgage foreclosure against NTC Properties, Inc. (NTC) on property known as the Townhouse Apartments, located in Butler County, in the amount of $1,532,960.15. On September 16, 1971, Concord entered a default judgment against NTC and praeciped for a writ of execution. On October 15, 1971, a public sale of the property was held and Concord bought the property for a nominal bid of $50.

On November 22, 1971, the sheriff delivered a deed for the property to Manetto Homes, Inc. (Manetto), the nominee of Concord, which had agreed to assume the debt of NTC to Concord.

On December 8, 1971, appellant, General Electric, filed a mechanics' lien claim against NTC and Manetto. On December 28, 1971, General Electric filed a complaint in mechanics' lien, alleging, *inter alia,* that its lien dated back because its work commenced in July of 1970.

Manetto filed preliminary objections to the mechanics' lien complaint. These objections were sustained by the court below on January 25, 1973.[1] No appeal was taken from that order.

On January 18, 1972, General Electric filed a petition for rule to show cause why the sheriff's sale should not be set aside and/or schedule of distribution be amended, nunc pro tunc. Concord and Manetto filed a motion to dismiss the petition to set aside the sheriff's sale, alleging, *inter alia,* that the petition was not timely filed. The motion for dismissal was set down for oral argument in the court below, but during the interim, General Electric filed an amendment to its petition,

---

[1] NTC Properties, Inc., failed to file an answer to the complaint; therefore, judgment was entered against NTC by default for want of an answer to the complaint.

alleging, but not specifically, that fraud had been committed in the transactions among NTC, Concord and Manetto. Appellees then filed an answer to the amendment, denying all allegations in the amended petition and moved to dismiss the petition on grounds that it was not timely filed and that General Electric was not a party in interest.

After argument, the court dismissed appellant's petition, but allowed it twenty days to amend. General Electric failed to amend and the decree became final. This appeal followed.

Appellant's attempt to set aside the sheriff's sale must fail for two reasons. First, appellant's petition to set aside the sheriff's sale was not timely filed. Rule 3132 of Pennsylvania Rules of Civil Procedure provides, in part: "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale. . . ." Rule 3135 of Pennsylvania Rules of Civil Procedure provides, in part: "When the sheriff sells real property in execution, he shall, at the expiration of ten (10) days after the filing of the schedule of distribution, if no petition has been filed to set aside the sale, execute and acknowledge before the prothonotary a deed to the property. . . ." Rule 3136(d) of Pennsylvania Rules of Civil Procedure provides, in part: "The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with him not later than ten (10) days after the filing of the proposed schedule."

These rules make it clear that a party dissatisfied with the sheriff's sale has ten days either to take exceptions to the schedule of distribution, as mandated by Rule of Civil Procedure 3136(d), or ten days to take exceptions to the sheriff's execution of a sheriff's deed, as required by Rule of Civil Procedure 3135. It is clear

from the record that appellant's petition came too late, since the sheriff executed his deed on November 22, 1971, long before General Electric filed its petition.

As we said in *Garrison v. Erb*, 424 Pa. 306, 309, 227 A. 2d 848 (1967), after the delivery of a sheriff's deed to a purchaser, the only attacks possible on the sheriff's sale "are those based on fraud which vitiates the transaction, on a lack of authority to make the sale."

The court treated the petition as a complaint in equity, based upon fraud, but found that appellant had failed to state a cause of action in fraud, since appellant's petition-complaint did not allege facts that, if proved, would constitute fraud on the part of appellee. The court even permitted General Electric twenty days to amend the complaint in order that they might state a cause of action, but appellant failed to do so.[2]

Decree affirmed. Costs to be borne by appellant.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

[2] Since this appeal arises from the sustaining of appellees' preliminary objections, we need not decide the question of sanctions that appellant sought to impose for appellees' failure to produce certain documents that were sought pursuant to a subpoena duces tecum.