**Adal Corporation v. Wells**

*Stanley R. Kotzen*, for plaintiff.
*William N. Sterling*, for defendant.

CATANIA, J., September 5, 1974.—On September 21, 1972, Adal Corporation, an assignee of Girard

Trust Bank, filed a complaint in assumpsit against Katherine E. Wells as of the above term and number. On October 31, 1972, plaintiff entered a default judgment against defendant. A writ of execution was issued on November 7, 1972, as to real estate known and designated as 39 East Oak Avenue, East Lansdowne, Delaware County, Pa., which was owned by defendant. On December 20, 1972, a sheriff's sale of the said property was held, and the property was sold to Herman D. Neumann.

Herman D. Neumann acquired title to said premises by a deed from the Sheriff of Delaware County dated February 2, 1973, which was duly acknowledged, delivered and recorded in the Office for the Recording of Deeds in and for the County of Delaware in Deed Book No. 2459, at page 668, on February 8, 1973.

At all times relevant to these proceedings, Katherine E. Wells, was and still is in possession of premises 39 East Oak Avenue, East Lansdowne, Delaware County, Pa.

On or about March 29, 1973, Herman D. Neumann filed a complaint in an action to quiet title against Katherine E. Wells in the Court of Common Pleas of Delaware County, as of no. 3163 of 1973, for the possession of said premises. Subsequently, defendant filed an answer thereto with new matter, averring that the sheriff's sale is presently the subject of a petition to set aside the sale.

On May 14, 1973, Katherine E. Wells filed a petition for a rule upon Adal Corporation to set aside the sheriff's sale of the said premises. A rule was entered with the provision that all proceedings to stay meanwhile. Adal Corporation filed an answer with new matter to the petition, requesting a dismissal of the petition.

Defendant avers in her petition that she never

received actual notice that her property was listed for sale by the Sheriff of Delaware County and also that since plaintiff knew that defendant-petitioner's nephew was a practicing attorney, plaintiff took advantage of a person inexperienced in legal actions. Defendant-petitioner also contends that, as a consequence of plaintiff's action, her property was sold at sheriff's sale at a price approximately one-fifteenth its actual market value.

The relief sought by defendant is to have the sheriff's sale set aside. However, in this case a deed to the premises was duly acknowledged, delivered and recorded on February 8, 1973, and the petition to set aside the sheriff's sale was not filed until May 14, 1973.

As the Supreme Court stated in Garrison v. Erb, 424 Pa. 306 (1967): "The only attacks possible after delivery of deed to the purchaser are those based on fraud which vitiates the transaction, or on lack of authority to make the sale." This principle was recently reiterated in Concord-Liberty Savings and Loan Association v. NTC Properties, Inc. 454 Pa. 472 (1973).

There are no facts stated in defendant's petition that would constitute fraud on the part of plaintiff nor does defendant contend that there was fraud in this case. Defendant contends that because there was not proper notice, the Sheriff of Delaware County lacked authority to make the sale. The property in question was sold on December 20, 1972, and the record discloses that notice of the proposed sale was advertised in the Delaware County Daily Times on November 30, December 7, and December 14, 1972, and in the Delaware County Legal Journal on December 1, 8, 15, 1972. Furthermore, a hand bill of sale was posted upon the premises at least ten days

prior to the day of sale by the sheriff. Defendant argues that the advertisements were not in conformity with Pennsylvania Rule of Civil Procedure 3129 which requires publication by the Sheriff once a week for three successive weeks in a newspaper of general circulation in the county and in the legal publication, the first publication to be made not less than 21 days before the date of sale. It should be noted that the above-mentioned contention of defendant does not appear in her petition but is only set forth in her brief. In any event, this court does not believe the defect of giving notice 20 days before the sale as opposed to 21 days is the type of situation which would result in a lack of authority to make the sale once a deed has acknowledged, delivered and recorded. As the court stated in Garrison v. Erb, supra, at page 308-309:

"Alleged defects or irregularities in the proceedings and description of property in the notice of sale are foreclosed as defenses by delivery of the sheriff's deed."

The alleged defect in this case is the type which is foreclosed by the acknowledgment and delivery of the deed. The argument regarding the inadequacy of price also is foreclosed.

Furthermore, it is clear from the record of this case that defendant's petition came too late, since the sheriff executed his deed on February 2, 1973, and this petition to set aside the sale was not filed until May 14, 1973. The Pennsylvania Rules of Civil Procedure make it clear that a party dissatisfied with the sheriff's sale has ten days either to take exceptions to the schedule of distribution, as mandated by Rule 3136(d) or ten days to take exceptions to the sheriff's execution of a sheriff's deed, as required by rule 3135: Concord-Liberty Savings and

Loan Association v. NTC Properties, Inc. 454 Pa. 472, 475 (1973).

Accordingly, we enter the following:

## ORDER

And now, to wit, September 5, 1974, upon consideration of argument and briefs of the respective parties it is ordered and decreed that the petition to set aside sheriff sale filed by defendant be and the same is hereby dismissed.