## Anderson v. Anderson

*James E. Carlson,* for plaintiff.

*Henry O. Heiser, III,* for applicant, Patsy A. Anderson.

KEMP, *P.J.,* October 3, 1983—This case involves an execution sale of real estate initiated by George H. Anderson (hereinafter plaintiff) against his son, Richard E. Anderson (hereinafter defendant). By the instant action, Patsy A. Anderson (hereinafter applicant), wife of defendant, seeks to have the sale set aside on the grounds of fraud. In light of a pending divorce between applicant and defendant, applicant alleges that plaintiff and defendant colluded in the execution for the purpose of defrauding her of her marital rights in the property as defined in the Divorce Code. The history of the case is as follows

### HISTORY

The underlying debt resulted from loans made to defendant by plaintiff, pursuant to two promissory notes for $58,000 and $45,000. These debts were incurred in the name of defendant during his marriage to applicant. Confessed judgments on the notes were entered on March 3, 1980 and Decem-

ber 28, 1981 respectively. On May 26, 1983, divorce proceedings, including equitable distribution, were commenced between applicant and defendant in Adams County, Pa. On May 13, 1983, a praecipe for writ of execution against real property owned by defendant in Elk Township, Tioga County, Pa. was filed. The property had been acquired during the marriage but in defendant's name alone. The writ of execution was duly executed and a sale was held on June 24, 1983. Attorney for plaintiff bought the property on plaintiff's behalf for debt, interest and costs. Applicant had no notice of the execution or sale. The instant application was filed August 12, 1983 and plaintiff filed a motion to deny the application on August 31, 1983.

## OPINION

Applicant recognizes that delivery of a sheriff's deed forecloses most attacks on the sale. Rule 3132 Pa.R.C.P. Only issues such as fraud or lack of authority which make the execution void can now be raised. Garrison v. Erb 424 Pa. 306, 287 A.2d 848 (1967). Consequently applicant alleges fraud and collusion on the part of plaintiff and defendant to defeat her rights under the Divorce Code in as much as divorce and equitable distribution proceedings were commenced before the execution and sale and are still pending between her and defendant in Adams County. She claims that the property in contention here was unquestionably marital property and that both defendant and plaintiff were aware of her claim of an interest in the property. She further alleges that the purpose of the execution, evidenced by a willful failure to give her notice, was to "defraud applicant with respect to her marital rights in the property sold as defined under the Divorce Code of 1980, as amended."

No allegation of fraud or other irregularity with regard to the underlying debt or judgments has been made nor indeed would be proper at this time. The fraud alleged here concerns the execution alone. The applicant claims that she is not asking this court to make any determination or take any involvement in the equitable distribution proceedings. This court has no jurisdiction to make such a determination, such jurisdiction being with the court in Adams County, Pa.

The court, however, disagrees with applicant's contention that no such determination is necessary in order for this court to find the fraud alleged. The only fraud alleged is a deliberate lack of notice to a person whose interest in the property this court can not determine. If any right to notice exists at all, it is pursuant to such right in the property. For collusion and fraud designed to frustrate applicant's marital rights in property to be proven, such marital right must be shown.

Applicant contends that the real estate executed on is "indisputably" marital property under the Divorce Code. That the question may be an easy one does not give this court jurisdiction to decide it. Also it is not clear to this court that the question is in fact "indisputable". §401 of the Divorce Code states in pertinent part; "(e) For purposes of *this chapter only,* "marital property" means all property acquired by either party during the marriage except . . . (7) property to the extent to which such property has been mortgaged or *otherwise encumbered* in good faith for value, prior to the time proceedings for the divorce are commenced." 23 Pa.C.S.A. §401 (Emphasis supplied.)

Firstly, a reading of the act shows that the concept of marital property concerns "this chapter only" and is not relevant to procedures in an execu-

tion proceeding. That is not to say that proceeding under the Divorce Code, a court might not affect an execution proceeding based on marital property rights. But a Court without jurisdiction under the Divorce Code cannot consider the concept of marital property and property rights in other legal proceedings.

Secondly, it is a question whether or not the instant property was marital property at all, encumbered as it was. The above quoted section would seem to indicate not. But again, this is a question this court may not answer in this case.

The court's action today does not leave the Applicant without an opportunity to prove its case or seek relief. The proper procedure is probably to proceed in Adams County under §403(d) of the Divorce Code which states;

"Any encumbrance or disposition of property to third persons who had notice of the pendency of the matrimonial action or who paid wholly inadequate consideration for such property, may be deemed fraudulent and declared null and void."

Applicant counters that such a declaration would be useless to affect a Sheriff's sale which pursuant to Pa. R.C.P. 3122 may only be attacked in the jurisdiction from where the execution was issued. It is true that the Adams County Court could not overturn the Sheriff's deed in this case, but it could, in its discretion, find the disposition fraudulent. Elensky v. Donohue 21 D. & C. 3d 97 (1981). Then the Adams County Court could (having jurisdiction over all the parties) order a reconveyance; enjoin the creditor/purchaser from disposing of the property pending further deliberation on equitable distribution; make appropriate adjustments in the distribution of other property. In the alternative, applicant could present the adjudication of fraud

before this court in a proceeding challenging the sale as void. The issue of fraud would there be res judicata.

The Adams County case of Roberts v. Johnson, Court of Common Pleas, Adams Co. No. 81-N-4151, (1980), presented by applicant, does not conflict with our decision here. In that case, the court stated:

"It is well settled that courts can stay or set aside executions for equitable reasons . . ."

It is also stated that; "The Divorce Code gives this Court wide powers to effectuate . . . economic justice between the parties."

Thus that court, having jurisdiction over both the divorce and the execution, used powers granted by the Divorce Code to find equitable reasons to stay an execution. In this case, this court has no jurisdiction in the divorce to make such equitable findings.

For the foregoing reasons, plaintiff's motion for denial is granted.

### ORDER

And now, October 3, 1983, plaintiff's motion for denial of application to set aside execution sale of real estate is hereby granted and application is dismissed.