J-A30004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY COLON | |
| Appellant | No. 3414 EDA 2013 |

Appeal from the Order Entered November 1, 2013
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2009-11136

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 06, 2015**

Harry Colon appeals from the order entered in the Court of Common Pleas of Chester County denying his motion to set aside sheriff's sale.  After careful review, we affirm.

On October 1, 2009, Deutsche Bank National Trust Company ("Deutsche Bank") filed a complaint in mortgage foreclosure against Colon. Colon failed to respond and, on November 13, 2009, judgment was entered by default.  Deutsche Bank filed a praecipe for writ of execution and, on November 15, 2012, Deutsche Bank bought the property at sheriff's sale.  A sheriff's deed was dated December 7, 2012 and recorded on January 2, 2013.  On January 15, 2013, Colon filed a motion to set aside the sheriff's

_____

[*] Retired Senior Judge assigned to the Superior Court.

sale.  Deutsche Bank filed an answer and Colon filed a reply thereto.  By order docketed on November 1, 2013, the trial court denied Colon's motion.

This timely appeal follows, in which Colon claims that the trial court committed an error of law in denying his motion to set aside the sheriff's sale where Deutsche Bank lacked "authority" by conducting the sheriff's sale without holding or possessing the note.

In Pennsylvania, delivery of a sheriff's deed divests the courts of the authority to set aside a sheriff's sale.  ***Mortgage Elec. Registration Sys. v. Ralich***, 982 A.2d 77, 79 (Pa. Super. 2009); ***see also Home Owners' Loan Corp. v. Edwards***, 198 A. 123, 124 (Pa. 1938) ("After delivery of the deed a petition to set aside a sheriff's sale cannot be considered[.]").

Pennsylvania Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

Thus, a petition to set aside a sheriff's sale "may only be granted when the petition is filed before the sheriff's delivery of the deed." ***Ralich***, 982 A.2d at 79, quoting ***First Union Nat. Bank v. Estate of Shevlin***, 897 A.2d 1241, 1246 (Pa. Super. 2006).

In addition, Pa.R.C.P. 3135 provides:

> When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of

twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

Pa.R.C.P. 3135(a). Rule 3135 makes it clear that a party has 20 days to take exceptions before the sheriff executes a sheriff's deed. *Ralich*, 982 A.2d at 80, citing *Concord-Liberty Sav. and Loan Ass'n v. NTC Properties, Inc.*, 312 A.2d 4, 5 (Pa. 1973) (holding, before a 2005 amendment extended the time period in Rule 3135 from ten to twenty days, "a party dissatisfied with a sheriff's sale has ten days . . . to take exceptions to the sheriff's execution of a sheriff's deed."). Taken together, Rules 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered. *Id.*

Here, Colon filed his motion on January 15, 2013, two months after the November 15, 2012 sheriff's sale, five weeks after the December 7, 2012 delivery of the deed, and two weeks after the deed was recorded on January 2, 2013. As such, it was untimely.

There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale. *Ralich*, 982 A.2d at 80, citing *Knox v. Noggle*, 196 A. 18 (Pa. 1938).

Here, in an attempt to circumvent the time bar, Colon alleged "want of authority" in his motion to set aside the sale, claiming that "as of the date of

the judgment, [Deutsche Bank] was not the record assigned mortgagee nor recipient of the subject negotiated note such as to allow it to have taken judgment." Motion to Set Aside, 1/15/13, at ¶ 4. Colon provided no proof of this assertion.

Colon's claim is factually incorrect. By Assignment of Mortgage recorded in the Office of the Chester County Recorder of Deeds on September 5, 2007, Long Beach Mortgage Company assigned to Deutsche Bank "all of its right, title and interest, as holder of, in, and to the [Colon] mortgage, the property described and the indebtedness secured by that mortgage." Response to Motion to Set Aside, 2/4/13, Exhibit A (Assignment of Mortgage). Accordingly, Deutsche Bank was, in fact, the "record assigned mortgagee" at the time it foreclosed on Colon's property.

Colon cites to 13 Pa.C.S.A. § 3309 in an attempt to argue that Deutsche Bank was required to "show physical possession of the note upon which the note is properly endorsed" in order to foreclose on his property. However, section 3309 governs the enforcement of lost, destroyed or stolen instruments and is inapplicable here. Pursuant to Pa.R.C.P. 1147, a plaintiff in mortgage foreclosure is required to include the following in its complaint:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).  Rule 1147 does not require that a plaintiff in foreclosure plead or demonstrate physical possession of the underlying note.

For the foregoing reasons, the trial court did not err or abuse its discretion in denying Colon's motion to set aside the sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015