J-S68036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION TRUSTEE<br>Appellee<br><br>v.<br><br>KEVIN A. KRONBERG<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 3365 EDA 2014 |

Appeal from the Order October 21, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2010-08737

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 28, 2015**

Appellant, Kevin A. Kroberg, appeals from the October 21, 2014 order denying his "Motion to Set-Aside Sheriff's Foreclosure Sale."  After careful consideration, we affirm on the basis expressed in the thorough and well-supported opinion of the Honorable Thomas C. Branca.

The trial court summarized the procedural and factual history of this case in its April 27, 2015 opinion, and we need not repeat it here in full. We highlight a few salient points for clarity.  This matter commenced with the filing of a mortgage foreclosure complaint by Appellee, HSBC Bank, NA Trustee (HSBC Bank), on April 5, 2010.  HSBC Bank obtained a default judgment on May 28, 2010, and the matter proceeded to a sheriff's sale on December 18, 2013.  Throughout this time, Appellant took no responsive action in the case except to move to adjourn the sheriff's sale on September

23, 2013, which was withdrawn later that same day. The motion was refiled on December 17, 2013 and denied the following day. The property was sold at a sheriff's sale on February 10, 2014. The sheriff's deed was delivered and recorded on February 20, 2014. Not until March 5, 2014, did Appellant file the instant petition to set aside the sheriff's sale. After hearing argument, and receiving briefs from the parties, the trial court denied Appellant's petition on October 23, 2014. Appellant filed a timely notice of appeal on November 19, 2014.[1]

On appeal, Appellant raises the following issues for our review.

> (1) Did the trial court commit an error of law in denying Kronberg's Motion to Set-Aside Sheriff's [F]oreclosure Sale when [HSBC Bank] (Plaintiff below), foreclosing lender did not have "authority"/standing to execute on its foreclosure judgment for want of a pre-judgment record assigned mortgage and negotiated transferred note such as to allow foreclosing lender to have conducted its Sheriff's Sale?
>
> (2) Did the trial court commit an error of law in denying a requested evidentiary hearing, or, alternatively, discovery towards oral argument?

Appellant's Brief at 8.[2]

_____

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] Appellant failed to include his second issue in his Rule 1925(b) statement. Therefore, we conclude this issue is waived. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (holding "any issues not raised in a Rule 1925(b) statement will be deemed waived").

We note the following standards guiding our review of this appeal.

> Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

*Nationstar Mortgage, LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013).

> [Pennsylvania] Rule [of Civil Procedure] 3135 makes it clear that a party has 20 days to take exceptions before the sheriff executes a sheriff's deed.
>
> Taken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered.

*Mortgage Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009), *appeal denied*, 992 A.2d 889 (Pa. 2010). "There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." *Id.* (citations omitted).

Instantly, Appellant's petition was patently late. However, Appellant asserts that he has demonstrated lack of authority for the sheriff's sale, because "[t]he failure of a pre-judgment record assigned mortgage and

negotiated transferred note through the chain of loan title precludes foreclosing lender's authority/standing to have executed thereupon its default judgment …." Appellant's Brief at 14. Essentially, Appellant claims the sheriff had no authority to sell the property because HSBC Bank allegedly lacked standing at the time it brought the suit. *Id.*

We agree with the trial court that Appellant's claim is meritless. Standing is a non-jurisdictional and waivable issue. *In re Condemnation by Urban Redev. Auth. of Pittsburgh*, 913 A.2d 178, 181 n.6 (Pa. 2006). Any challenges to a party's capacity to sue must be raised in preliminary objections or in an answer to the complaint. *In re Estate of Alexander*, 758 A.2d 182, 189 (Pa. Super. 2000); *see also* Pa.R.C.P., Rule 1028(a)(5). The issue of standing to sue is waived unless specifically raised in a preliminary objection or in the answer to the complaint. *Erie Indem. Co. v. Coal Operators Cas. Co.*, 272 A.2d 465, 467 (Pa. 1971). Appellant never challenged HSBC Bank's standing during the foreclosure proceedings, and has waived the issue. We also agree with the trial court that HSBC Bank's various pleadings and averments were adequate on their face to indicate HSBC Bank's standing was proper. Trial Court Opinion, 4/27/15, at 6-7.

Accordingly, we adopt the April 27, 2015 opinion of the Honorable Thomas C. Branca as our own for the purposes of our disposition of this appeal. We conclude the trial court did not abuse its discretion when it denied Appellant's petition to set aside the sheriff's sale in this case. *See*

*Lark*, *supra*.  Accordingly, we affirm the trial court's October 21, 2014 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2015

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL | : | NO. 10-08737 |
| ASSOCIATION TRUSTEE | : | 3365 EDA 2014 |
|       Plaintiff | : | |
| v. | : | |
| | : | |
| KEVIN A. KRONENBERG | : | |
|       Defendant | : | |

2010-08737-0061  4/27/2015 11:46 AM  # 10273856
Opinion
Rcpt#Z2388802  Fee:$0.00

Mark Levy - MontCo Prothonotary

## OPINION OF THE COURT

**Branca, J.**                                                    **April 27, 2015**

### I.       INTRODUCTION

Defendant, Kevin Kronenberg appeals to the Superior Court this Court's Order dated October 21, 2014, denying his Petition to Set Aside Sheriff's Foreclosure Sale.[1] For the following reasons, the Court's Order should be AFFIRMED.

### II.      STATEMENT OF THE CASE

This suit commenced on April 5, 2010 with Plaintiff's filing of a Complaint in Mortgage Foreclosure, seeking an in rem judgment in the amount of $157,125. 92, together with interest, other costs, fees and applicable charges, against Defendant/Mortgagor of the property located at 926 Columbia Avenue, Lansdale, Pennsylvania.[2] Thereafter, on May 28, 2010, Plaintiff filed a Praecipe for Judgment For Failure to Answer and Assessment of Damages, at which point the Montgomery County Prothonotary entered judgment against Defendant. Defendant did not file a Petition to Strike and/or Open the Default Judgment. On June 23, 2010, Plaintiff filed a Praecipe to Issue Writ of Execution. [Praecipe, 6/23/10].

---

[1] Order is docketed 10/23/14.
[2] In its Complaint, Plaintiff identifies itself as "HSBC Bank USA, National Association, as Trustee, Under the Pooling and Servicing Agreement, dated May 1, 2004, Fremont Home Loan Trust 2004-B, Asset-Backed Certificates, Series 2004-B 4828 Loop Central Drive Houston, Tx. 7708102226."

More than three years later, on December 18, 2013, the property was sold at Sheriff's Sale on the Writ for the sum of $2,360.67. [Sheriff's Certification of Sale of Property, 2/10/14]. On, January 13, 2014, the Deed was "Sealed and Delivered in the presence of" Greg Womelsdorf, the Acting Sheriff, and recorded on February 11, 2014. [Pl.'s Resp., 3/20/14, Ex. A].[3] On February 20, 2014, the Montgomery County Recorder of Deeds further certified that a Sheriff's Deed, conveying the subject property to Plaintiff, was delivered on December 18, 2013, and recorded on February 11, 2014. [Recorder's Certification, 2/20/14].

On March 5, 2014, nearly two months after delivery of the Deed, Defendant sought relief from the Sheriff's Sale, by filing an untimely Motion to Set Aside. [Def.'s Mot., 3/5/14]. The following sets forth the entirety of Defendant's Motion:

1. This is an action in mortgage foreclosure with sheriff's foreclosure sale of Defendant's property having concluded.

2. Upon information and belief, the Sheriff's Deed Poll has been recorded to Plaintiff.

3. For "want of authority" or "fraud," a Sheriff's foreclosure Sale may be set-aside subsequent to the Sheriff's Deed Poll recordation. Concord-Liberty Savings & Loan Assoc., et al. v. NTC Properties, Inc., 454 Pa. 472 (1973) (citing Parrison v. Erb, 424 Pa. 306 (1967)).

4. Upon information and belief (for preservation, discovery, and evidentiary examination at hearing or otherwise), Plaintiff's judgment and thus execution thereupon by Sheriff's Sale was without "authority" and therefore was a "fraud" upon this Honorable Court for failure of Plaintiff to have been the pre-judgment (if not pre-Sale) record mortgage assignee and note transferee through the chain of loan title. U.S. Bank, N.A. v. Mallory, 982 A.2d 986 (Pa. Super. 2009).

5. For the foregoing, the within Sheriff's foreclosure Sale should be set-aside.

---

[3] The record also reflects the document entitled "Deed Poll Acknowledged & Returned to Sheriff's Office," was filed on February 10, 2014. *See* Montco. Local Rule 3135.

2

6. WHEREFORE, Defendant, Kronenberg, respectfully requests this Honorable Court set-aside Plaintiff's Sheriff's foreclosure Sale consistent with the attached proposed Order. To the extent this Honorable Court entertains denying Defendant's within motion, Defendant respectfully requests an evidentiary hearing or, in the alternative, oral argument before this Honorable Court as to Plaintiff's "want of authority"/"fraud".

[Def.'s Mot. to Set-Aside, ¶¶ 1-5, 3/5/14] (transcribed exactly as drafted). In addition to repeating the prayer for relief set forth in his Motion, Defendant's Memorandum of Law in Support of his Motion lacked any legal analysis and, instead, was limited to the following sentence:

Incorporating by reference Defendant's attached motion, Defendant reserves the right to supplement this motion through discovery and/or at hearing or otherwise as more information becomes available.

[Def.'s Mem., 3/5/14].

After argument and submission of Defendant's post-argument Supplemental Memorandum of Law in Support of Defendant's Motion to Set Aside Sheriff's Foreclosure Sale, as well as Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant's Reply Memorandum in Support of Defendant's Motion to Set-Aside Sheriff's Foreclosure Sale, the undersigned denied Defendant's Motion by Order dated October 21, 2014.[4] Defendant filed a timely Notice of Appeal on November 19, 2014. Thereafter, on January 8, 2015, Defendant timely filed and served upon the undersigned the following Concise Statement of Matters Complained Of On Appeal (Pa. R.A.P. "1925(b) Statement"):

1. Whether the trial court erred in denying Defendant-Appellant's Motion to Set Aside Plaintiff's Sheriff's foreclosure Sale?

2. Whether the trial court erred in finding Plaintiff was the pre-judgment record assigned mortgagee and recipient of the negotiated transferred note such as to allow it to have conducted its Sheriff's Sale?

---

[4] Order is docketed 10/23/14.

3

3. Whether the trial court erred in finding Plaintiff had standing/authority to have conducted its Sheriffs' Sale?

## III. DISCUSSION

An appellate court will not reverse a trial court's decision denying a petition to set aside sheriff's sale absent an abuse of discretion. *Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265 (Pa. Super. Ct. 2013). Pursuant to Pa. R.C.P. 3132:

> Upon petition of any party in interest *before* delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

*Id.* (emphasis added). To be timely, a petition to set aside must be filed before the sheriff's delivery of the deed. *Id.*; *See Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 79 (Pa. Super. Ct. 2009). Petitioner bears the burden of proving circumstances warranting relief, and only "upon proper cause shown," will the trial court exercise its equitable powers to set aside. *Nationstar Mortg., LLC*, 73 A.3d 1265 at 1267; *Mortgage Electronic Registration Systems, Inc.*, 982 A.2d at 79.

Moreover, it is well-settled that delivery of the deed divests the court of the authority to set aside a sheriff's sale. *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d at 79 ("The trial judge struck the Ralichs' Petition as untimely because delivery of a sheriff's deed divests the court of the authority to set aside a sheriff's sale." (internal citation omitted)). A narrow exception to Pa. R.C.P. 3132's strict time bar applies in limited circumstances which may permit a Court to set aside a sheriff's sale after delivery of the deed, but only where the movant demonstrates fraud or lack of authority to make the sale. *See Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d at 80.

4

**The Court Properly Denied Defendant's Motion To Set Aside Where Defendant Failed to Demonstrate The Requisite Fraud or Lack of Authority.**

Despite Defendant's bald assertions, and as discussed below, the Court properly denied Defendant's Motion to Set Aside where he failed to establish that the Sheriff's Sale was tainted by fraud or lack of authority. While not entirely clear from Defendant's pleading, the basis of Defendant's claim appears to be that the underlying judgment, taken by default on May 28, 2010, was entered without the requisite legal basis because the assignment of the Mortgage to Plaintiff had not yet been recorded, nor was Plaintiff in possession of the note, and therefore, the subsequent Sheriff's Sale was conducted without authority. As Defendant acquiesced at every critical stage effectively conceding authority to the Sheriff to conduct the sale, and the judgment was not void *ab initio*, Defendant's assertion is meritless.

As previously discussed, because Defendant filed his Motion *after* the Deed was delivered on January 13, 2014, he was required to demonstrate fraud or lack of authority to merit relief from the Court. *See* Pa. R.C.P. 3123; *see Ralich*, 982 A.2d 77, 80. A cursory review of the record, including the recorded mortgage assignments, reflects that despite Defendant's claim regarding the underlying judgment, the Sheriff did indeed, have the authority to conduct the Sale which occurred on December 18, 2013. [*See* Mortgage, Bk. 11009, PG. 02144; *see also*, Assignment of Mortgage, Bk. 12595, PG 00870, *et seq.*].

In *U.S. Bank, N.A. v. Mallory*, the Superior Court held that the recording of an assignment of the mortgage is not a prerequisite to mortgagee's standing to seek enforcement of the mortgage via a mortgage foreclosure action. *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. Ct. 2009) ("Simply put, contrary to Appellant's suggestion, the recording of an assignment of the mortgage was not a prerequisite to

5

Appellee having standing to seek enforcement of the mortgage via a mortgage foreclosure action.") In this case, Plaintiff initiated suit by filing a Complaint on April 5, 2010. In that Complaint, which went unanswered, Plaintiff asserted:

> On 02/03/2004 mortgagor(s) made, executed and delivered a mortgage . . . which mortgage is recorded in the Office of the Recorder of Montgomery County, in Mortgage Book No. 11009, Page 2144. By Assignment of Mortgage recorded 02/27/2008 the Mortgage was assigned to Fremont Investment & Loan which Assignment is recorded in Assignment of Mortgage Book No. 12332, Page 2671. The Plaintiff is now the legal owner of the mortgage and is in the process of formalizing an assignment of same.

[Compl., at ¶3, 4/5/10]. That assignment and all subsequent assignments were recorded as of the date of the Sheriff's Sale. While Defendant asserts that Plaintiff lacked authority to initiate the entry of default judgment by the Prothonotary on May 28, 2010, a review of the May 17, 2010 assignment reflects that the Mortgage had been assigned to Plaintiff at the time it sought entry of default judgment. The fact that the assignment was not recorded until November 16, 2010 did not deprive Plaintiff of standing to seek entry of judgment, nor did it undermine the legality of that judgment. *See U.S. Bank, N.A.,* 982 A.2d at 994.

Moreover, with regard to Defendant's bald assertion that Plaintiff was not the transferee of the note, it is now well-established that an averment in a complaint in mortgage foreclosure that the foreclosing party is the legal owner of the mortgage, as asserted in the instant case, sufficiently indicates that the foreclosing party is the holder of the mortgage's note. *U.S. Bank, N.A.,* 982 A.2d at 994 (Determining that mortgagee's averment in its complaint that it was the "legal owner" of the mortgage sufficiently indicated it was the holder of the mortgage's note.") As Defendant failed to answer the Complaint or seek to open or strike the default judgment entered thereon for want of an answer, Defendant has conceded to the legal inference that at all relevant times Plaintiff

6

was in possession of the note which the mortgage, clearly assigned to Plaintiff, secures.[5]

Without question the judgment was not void *ab initio* under these circumstances.[6]

Finally, the fact that another similar entity may have held legal ownership of the property at various points throughout this action against Defendant does not serve as a basis to invalidate the subsequent Sale. Pursuant to Pa. R.C.P. 2004:

> If a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

As discussed above, the record amply supports Plaintiff's authority to both seek entry of default judgment and to proceed to Sheriff's Sale on the unchallenged default judgment upon which a writ of execution issued granting to the Sheriff authority to conduct that Sale.[7] For all of the aforementioned reasons, Defendant's appeal is without merit.

---

[5] It should be noted that Defendant is not at risk to being twice held to satisfy the debt of the note even if Plaintiff was not the holder of the note as the debt was satisfied by the Sheriff's Sale. 13 Pa. C.S. 3602(a); *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1263 (Pa. Super. Ct. 2013).

[6] *See Bank of New York f/k/a The Bank of New York, As Trustee for the Certificate Holders of the CWMBS Inc., CHL Mortgage Pass-Through Trust 2007-17, Mortgage Pass-Through Certificate, Series 2007-17 v. Chughtai*, No. 1376 EDA 2014, I.O.P. 65.37, *Concurr.*, at *5 (Pa. Super. Ct. Mar. 20, 2015) ) ("That the assignment had not in fact been recorded at the time that the complaint was filed did not render the record deficient on its face such that the judgment was void; at most it merely was voidable.") (internal citation omitted); *Id.* at *4 ("A voidable judgment may be stricken only when the petition is filed 'within a reasonable period following the entry of the judgment.'") (internal citation omitted).

[7] *Bank of New York f/k/a The Bank of New York, As Trustee for the Certificate Holders of the CWMBS Inc., CHL Mortgage Pass-Through Trust 2007-17, Mortgage Pass-Through Certificate, Series 2007-17, Concurr.*, at *2-3 ("The difficulty here is that, despite undisputedly having received personal service of BNY's foreclosure complaint on the subject property, Chughtai did not contest BNY's complaint, which led to the entry of a default judgment. Chughtai also did not later seek to open or strike that default judgment in a timely manner, effectively acquiescing to the judgment. Because the sheriff's authority lay in the writ of execution entered upon the default judgment, which Chughtai also did not challenge, only by establishing that the default judgment was void ab initio might Chughtai prevail in his challenge to the sheriff's sale.")

## IV.   CONCLUSION

For all of the aforementioned reasons, the trial court's Order dated October 21, 2014, denying Defendant's Motion to Set Aside should be AFFIRMED.

BY THE COURT:

THOMAS C. BRANCA,   J.

Copies of the above Opinion
mailed on 4 27/15    to:
**By First Class Mail:**
Lauren Tabas, Esquire
Matthew B. Weisberg, Esquire
**By Interoffice Mail:**
Court Administration

Secretary

8