**NATIONSTAR MORTGAGE, LLC, Appellee**

**v.**

**Lauren LARK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 15, 2013.

Filed Aug. 13, 2013.

Aaron C. Finestone, Philadelphia, for appellant.

William E. Miller, North Wales, Jenine R. Davey and Lauren R. Tabas, Philadelphia, for appellee.

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

OPINION BY DONOHUE, J.:

Appellant, Lauren Lark ("Lark"), appeals from the trial court's order denying her motion to set aside the sheriff's sale of her personal residence. Lark claims that she received a defective notice pursuant to the Homeowner's Emergency Mortgage Act, 35 P.S. § 1680.401c *et seq.* ("Act 91"). Because we conclude that Lark failed to raise the issue of a defective Act 91 notice in a timely fashion, we affirm the trial court's order.

■ The trial court briefly summarized the relevant factual and procedural background as follows:

On February 9, 2007, [Lark] executed and delivered a mortgage on the property at 62 East Logan Street, Philadelphia [the 'Property'] to AAKO, Inc. in the amount of $205,000 as security for a loan advanced to her by AAKO, Inc. The mortgage was recorded on February 16, 2007. The mortgage was assigned to Mortgage Electronic Recording Systems ('MERS') who then assigned the Mortgage to GMAC Mortgage, Inc. ('GMAC'). Assignment of the mortgage to GMAC was recorded on January 25, 2008.

When [Lark] defaulted on the loan, GMAC commenced this action in foreclosure on December 4, 2007. [Lark] failed to respond to the Complaint, and default judgment was entered in favor of GMAC and against [Lark] in the amount of $213,044.49, later reassessed to $266,144.30. Thereafter, the Mortgage was assigned to [Appellee] National Mortgage LLC ['NM LLC'].

Since the Property was [Lark's] residence, [Lark] was entered into this court's Mortgage Foreclosure Pilot Program. A [c]onciliation conference was held before the Honorable Annette Rizzo, and by agreement of the parties, Judge Rizzo entered an order postponing sale of the Property to allow both parties an opportunity to negotiate a possible settlement. No agreement was reached, and the Property was again scheduled for sale. However, [Lark] filed a Petition to Postpone the Sheriff's Sale, which was granted by the Honorable Paul Panepinto. By [o]rder the sale was postponed to August 2, 2011 and the [o]rder also stated that there would be no further postponement except by agreement. On September 13, 2011, the Property was sold at [s]heriff's [s]ale to the [a]ttorney on the [w]rit. [Lark] then filed two 'Motions to Dismiss' to which [NM LLC] responded. This court denied both [m]otions on October 10, 2011.

On November 15, 2011, the Sheriff delivered and recorded the deed. [Lark] then filed a Motion to Set Aside the Sheriff's Sale. [NM LLC] filed a response to which [Lark] replied, and [NM LLC] then filed a supplemental brief. This court conducted a hearing on the matter, and on February 3, 2012, denied [Lark's] Motion to Set Aside the Sheriff's Sale. [Lark] now appeals.

Trial Court Opinion, 5/16/2012, at 1–2 (footnotes omitted).

In its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court found that the Act 91 notice that Lark had received prior to GMAC's filing of the action in foreclosure complied with the substantive provisions of the law and thus did not constitute a basis for setting aside the sheriff's sale:

Here, [Lark's] own motion attached a notice that informed [Lark] she was in default and that she may qualify for financial assistance under the Homeowner's Mortgage Assistance Program (HEMAP). The notice listed the address of the mortgaged Property, [Lark's] address, [and] the name of the

current lender, GMAC. The notice included the amount past due and owed, dates of the missed payments, a list of consumer credit counseling agencies, and a timeline of when [Lark] needed to meet with one of these agencies. [Lark] does not contend that she failed to receive the notice. In fact, after the notice was sent, she contacted and negotiated with GMAC. She also participated in the Mortgage Foreclosure Pilot Program. Clearly, the notice of foreclosure in this case complies with [Act 91] because [Lark] was given notice of the impending foreclosure action, provided with the information the statute required, and the notice was in plain, clear, and conspicuous language.

*Id.* at 4–5.

On appeal, Lark raises a single issue for our consideration and determination, namely whether the trial court erred in denying her motion to set aside the sheriff's sale because the Act 91 notice she received was defective. She contends that the Act 91 notice was defective because it omitted the name of the original lender (AAKO, Inc.) and listed GMAC as the "current lender/servicer" even though the mortgage was not assigned to GMAC until after the default judgment was entered. Lark's Brief at 10.

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Bank of America, N.A. v. Estate of Hood,* 47 A.3d 1208, 1211 (Pa.Super.2012) (quoting *Provident Nat'l Bank, N.A. v. Song,* 832 A.2d 1077, 1081 (Pa.Super.2003), *appeal denied,* 577 Pa. 736, 848 A.2d 929 (2004)). Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa. R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. *Bornman v. Gordon,* 363 Pa.Super. 607, 527 A.2d 109, 111 (1987), *appeal denied,* 517 Pa. 620, 538 A.2d 874 (1988). Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. *Blue Ball Nat. Bank v. Balmer,* 810 A.2d 164, 167 (Pa.Super.2002), *appeal denied,* 573 Pa. 662, 820 A.2d 702 (2003). An abuse of discretion occurs where, for example, the trial court misapplies the law. *Warmkessel v. Heffner,* 17 A.3d 408, 413 (Pa.Super.2011), *appeal denied,* 613 Pa. 671, 34 A.3d 833 (2011).

Act 91 provides in pertinent part as follows:

### § 1680.402c. Notice and institution of foreclosure proceedings

(a) Before any mortgagee may accelerate the maturity of any mortgage obligation covered under this article, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the mortgage debtor for such mortgage obligation, such mortgagee shall give the mortgagor notice as described in section 403–C.

\*   \*   \*

### § 1680.403c. Notice requirements

(a) Any mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): Provided, however, That such mortgagor shall be at least sixty (60) days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage.

(b)(1) The agency shall prepare a notice which shall include all the information required by this subsection and by section 403 of the act of January 30, 1974 (P.L. 13, No. 6), referred to as the Loan Interest and Protection Law and referred to commonly as the Usury Law.[1] This notice shall be in plain language and specifically state that the recipient of the notice may qualify for financial assistance under the Homeowner's Emergency Mortgage Assistance Program. This notice shall contain the telephone number and the address of a local consumer credit counseling agency. This notice shall be in lieu of any other notice required by law. This notice shall also advise the mortgagor of his delinquency or other default under the mortgage, including an itemized breakdown of the total amount past due, and that such mortgagor has thirty (30) days, plus three (3) days for mailing, to have a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise. The mortgagee or other person sending the notice to the mortgagor shall simultaneously send a copy of each notice issued to the agency by regular mail, facsimile, electronic mail or another means of electronic transfer in accordance with agency guidelines. In lieu of sending a copy of each notice, the mortgagee or other person charged with sending the notice may provide the agency, within thirty (30) days of the end of each calendar quarter, a report listing the notices sent during the prior calendar quarter arranged by property address including zip code.

(2) The notice under paragraph (1) must be sent by a mortgagee at least thirty (30) days before the mortgagee:

(i) asks for full payment of any mortgage obligation; or

(ii) begins any legal action, including foreclosure, for money due under the mortgage obligation or to take possession of the mortgagor's security.

35 P.S. §§ 1680.402c(a)–1680.403c(a)–(b).

We affirm the trial court's order denying Lark's Motion to Set Aside Sheriff's Sale because Lark failed to raise the issue of the alleged defects in the Act 91 notice in a timely fashion.[2] Section 1681.5(2) of the Homeowner Assistance Settlement Act, 35 P.S. §§ 1681.1–1681.7, enacted on June 22, 2012, provides as follows:

**§ 1681.5. Effect of noncompliance with notice requirements in the**

---

1. Section 403 of the Loan Interest and Protection Law requires the following disclosures: (1) the particular obligation or real estate security interest; (2) the nature of the default claimed; (3) the right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default; (4) the time within which the debtor must cure the default; (5) the method or methods by which the debtor's ownership or possession of the real estate may be terminated; and (6) the right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default. 41 P.S. § 403.

2. Appellee NM LLC denies that the Act 91 notice delivered in this case was defective, but contends that even to the extent that it was defective, Lark failed to allege or prove that she suffered any prejudice as a result. In support of this argument, NM LLC cites to *Wells Fargo Bank, N.A. v. Monroe*, 966 A.2d 1140 (Pa.Super.2009). Lark claims that no showing of prejudice is required when an Act 91 notice is defective, citing to this Court's more recent decision in *Beneficial Consumer Discount Co. v. Vukman*, 37 A.3d 596 (Pa.Super.2012), *appeal granted*, —— Pa. ——, 55 A.3d 100 (2012). As a result of our disposition, we need not address this issue.

**Homeowner's Emergency Mortgage Assistance Program**

\* \* \*

(2) The failure of a mortgagee to comply with the requirements of sections 402–C and 403–C of the Housing Finance Agency Law must be raised in a legal action before the earlier delivery of a sheriff's or marshal's deed in the foreclosure action or delivery of a deed by the mortgagor.

35 P.S. § 1681.5(2). Section 1681.7 provides that the provisions of section 1681.5 are to be applied retroactively to June 5, 1999. 35 P.S. § 1681.7.

Here, Lark filed her Motion to Set Aside Sheriff's Sale on November 28, 2011, raising for the first time the issue of defects in her Act 91 notice. The sheriff's sale took place on September 13, 2011, and the trial court determined that the sheriff's deed was delivered on November 15, 2011. This finding is supported by the certified record on appeal. The notarized signature of the Undersheriff (Joseph C. Vignola), signed on behalf of the Sheriff (Barbara Deeley), appears on the sheriff's deed, signifying that said deed was "Sealed and Delivered" to the purchaser at the sheriff's sale (Federal National Mortgage Association) on November 15, 2011. *See* Praecipe to Attach Exhibits to Motion to Set Aside Sheriff's Sale, 12/1/2011, at Exhibit O.

Accordingly, Lark did not raise the issue of defects in the Act 91 notice until 13 days after delivery of the sheriff's deed. Pursuant to section 1681.5(2) of the Homeowner Assistance Settlement Act, therefore, Lark did not timely raise the issue.[3] Her motion to set aside the sheriff's sale was properly dismissed.[4]

Order affirmed.

3. While the trial court did not dismiss Lark's motion on this basis, this Court is not bound by the rationale of the trial court and may affirm on any available basis. *See, e.g., Ross v. Foremost Insurance Co.,* 998 A.2d 648, 656, n. 7 (Pa.Super.2010).

4. Unrelated to the Act 91 notice issue, Lark argues that because GMAC was not the "true loan holder" at the time that default judgment was entered in the mortgage foreclosure action, GMAC could not assign any interest to NM LLC. Lark's Brief at 15. According to Lark, NM LLC was therefore "without authority to proceed to a sheriff's sale" and the trial court had no jurisdiction to authorize a

sheriff's sale. *Id.* Because Lark failed to file a responsive pleading to the complaint in foreclosure, however, she admitted all of the allegations set forth therein. Pa.R.C.P. 1029. In paragraph 3 of the complaint in foreclosure, GMAC alleged that it was "now the legal owner of the mortgage and is in the process of formalizing an assignment of same." Complaint in Mortgage Foreclosure, 9/2/2008, at ¶ 3. Having admitted that GMAC was the "legal owner" of the mortgage in the foreclosure action, Lark cannot now allege to the contrary on appeal in an effort to avoid the result of the default judgment properly entered in this case.