J-A02007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-17 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAYEEDA CHUGHTAI | |
| Appellant | No. 1376 EDA 2014 |

Appeal from the Order April 7, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-10305

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 20, 2015**

Sayeeda Chughtai appeals from the order entered in the Court of Common Pleas of Bucks County denying her motion to set aside a sheriff's sale.  Upon review, we affirm.

On August 1, 2007, Chughtai executed a mortgage, in the amount of $620,000.00, upon real property located at 2285 Staffordshire Road in Bucks County with Mortgage Electronic Registration System, Inc. ("MERS"), the nominee for Assured Lending Corporation.  On July 27, 2011, MERS assigned the mortgage to Bank of New York Mellon ("BNY").

On December 8, 2011, BNY served a complaint in foreclosure on Chughtai, asserting that the mortgage was in default because monthly payments of principal and interest were unpaid since February 1, 2011. Chughtai failed to file an answer to the complaint and the trial court entered a default judgment against her on January 26, 2012. On March 8, 2013, BNY filed a writ of execution upon the default judgment. Thereafter, BNY scheduled the property for sheriff's sale. BNY purchased the property at the sheriff's sale on August 9, 2013.

On September 25, 2013, approximately six weeks after the property was sold, Chughtai filed a motion to set aside a sheriff's sale, which the court denied on April 8, 2014. This timely appeal followed.

On appeal, Chughtai challenges the trial court's denial of her motion to set aside a sheriff's sale. Initially, we note our standard of review:

> Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

*Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013) (citations omitted).

In support of her assertion that the trial court erred, Chughtai first argues that, at the time of judgment, BNY did not possess a pre-judgment

- 2 -

assigned mortgage or the note. Therefore, BNY lacked the authority to accept judgment in its favor and subsequently execute a foreclosure on the property. We disagree.

The record establishes that the assignment of the mortgage to BNY from MERS, as a nominee for Assured Lending Corporation, was recorded on July 27, 2011 in Assignment of Mortgage Book No. 6772, Page 2192 in the Office of the Recorder of Bucks County. The assignment was recorded more than four months prior to the initiation of the instant foreclosure action. Even if BNY did not yet have physical possession of the note when it commenced the foreclosure proceedings, this Court has held that a party is not required to have a recorded assignment as a prerequisite to filing a complaint in mortgage foreclosure. *See US Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa. Super. 2009). Accordingly, BNY had the authority to accept judgment in its favor.[1]

Chughtai further argues that the assignment of the mortgage to BNY is invalid because it was executed by MERS, not the original lender, Assured Lending Corporation. In other words, Chughtai argues that MERS is legally

---

[1] We acknowledge Chughtai's reliance on this Court's decision in *J.P. Morgan Chase Bank, N.A., v. Murray*, 63 A.3d 1258 (Pa. Super. 2013) (to have standing to bring foreclosure action on property used to secure note, party need only establish actual possession of note). However, we decline to address *Murray* because, due to its distinct facts, it does not contribute to our legal analysis in this case.

incapable of effecting any mortgage assignment as a matter of law. The case law of the Commonwealth directly contradicts this contention.

In **Mortgage Elect. Registration Systems Inc. v. Ralich**, 982 A.2d 77 (Pa. Super. 2009), this Court upheld MERS' right to assign a mortgage under similar facts. There, we held that the mortgage in that case vested MERS with the authority, as nominee, to enforce the loan, which includes assigning its interests. This Court also noted that by signing the mortgage, the mortgagor explicitly acknowledged that MERS would have the authority, as mortgagee, to enforce the mortgage, including assigning its interests and foreclosing upon the property.

Presently, the trial court aptly summarized how the record indicates that BNY is the valid assignee of the mortgage.

> In August 2007, [Chughtai] executed and delivered to MERS, as nominee of Assured Lending Corp., a mortgage upon the premises at 2285 Staffordshire Road, Furlong, Bucks County, Pennsylvania. This mortgage was recorded in the Bucks County Office of the Recorder of Deeds in Book 5711, Page 1199. The Mortgage states that "Borrower does hereby mortgage, grant and convey to MERS . . . **and to the successors and assigns of MERS**" the property in question. The Mortgage also states "**MERS is the mortgagee** under this security instrument."
>
> Chughtai signed and initialed all pages of the Mortgage, thereby explicitly agreeing to the terms of the mortgage, including any designation of MERS as the mortgagee under the security instrument as well as its authority to assign the mortgage in question.

Trial Court Opinion, 5/30/14, at 7 (citations omitted) (emphasis in original).

Based on the foregoing, Chughtai failed to meet her burden of proving circumstances warranting the exercise of the court's equitable powers.

- 4 -

***Lark***, ***supra***.   Additionally, we agree with the trial court's reasoning and application of pertinent law, and discern no abuse of discretion by the trial court.

Order affirmed.

PANELLA, J., joins the Memorandum.

WECHT, J., files a Concurring Memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2015