J-S68035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITIMORTGAGE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. NOVOTNY AND MICHELE P. AMODEI | |
| Appellants | No. 3314 EDA 2014 |

Appeal from the Order October 27, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-28246

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:　　　　　**FILED DECEMBER 01, 2015**

Appellants, Robert J. Novotny and Michele P. Amodei, appeal from the trial court's October 27, 2014 order denying their petition to set aside the sheriff's sale of their residence.  After careful review, we affirm.

We summarize the facts and procedural history of this case as gleaned from the certified record as follows.  On January 26, 2009, Appellants executed a promissory note on the property at 2409 Alan Road, Norristown, Pennsylvania in the amount of $267,883.00 and delivered it to Infinity Home Mortgage Company, Inc. (Infinity).  On that same day, Appellants executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Infinity.  Later, this mortgage was assigned to Appellee, Citimortgage, Inc. (Citimortgage), and recorded on July 31, 2012.

On November 5, 2012, Citimortgage filed a complaint in mortgage foreclosure, averring that Appellants were in default on the mortgage by failing to make payments since April 1, 2012. The complaint calculated the total amount outstanding was $267,859.38, including the principal, interest, and other fees. Appellants did not respond to the complaint, and the trial court entered default judgment in favor of Citimortgage and against Appellants *in rem* for $276,458.75 on January 23, 2013.

On September 25, 2013, in execution of the default judgment, the property was sold at a sheriff's sale to Citimortgage. On October 17, 2013, Appellants filed a motion to set aside the sheriff's sale, which is the subject of this appeal. Thereafter, on November 29, 2013, Citimortgage recorded the sheriff's deed.

On October 27, 2014, the trial court entered an order denying Appellants' motion to set aside. On November 20, 2014, Appellants filed a timely notice of appeal.[1]

On appeal, Appellants present the following two issues for our review.

> (1) Did the trial court commit an error of law in its denial of the [m]otion to [s]et [a]side [s]heriff's [f]oreclosure [s]ale when there existed a record discrepancy rendering the claimed mortgage assignment invalid, and there existed no transfer of the note through the chain of loan title?

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

(2) Did the trial court commit an error of law when it refused a requested evidentiary hearing regarding the above-discussed contested issue of "want of authority" and additionally the contested issue as to whether judgment debtor was advised by foreclosing lender that the [s]heriff's [s]ale was to be on "hold[?]"

Appellants' Brief at 8.

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." **Nationstar Mortg., LLC v. Lark**, 73 A.3d 1265, 1267 (Pa. Super. 2013) (citation and internal quotation marks omitted). Pennsylvania Rule of Civil Procedure 3132, which governs setting aside a sheriff's sale, provides as follows.

### Rule 3132. Setting Aside Sale

Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. As such, a petition to set aside a sheriff's sale is directed to the trial court's equitable powers. **Nationstar**, **supra**. The petitioner has the burden of proof to show by clear and convincing evidence that the circumstances warrant relief. **M & T Mortg. Corp. v. Keesler**, 826 A.2d 877, 879 (Pa. Super. 2003), *appeal denied*, 856 A.2d 835 (Pa. 2004). This Court reviews a trial court's decision for an abuse of discretion. **Nationstar**,

*supra*. "An abuse of discretion occurs where, for example, the trial court misapplies the law." *Id.* (citation omitted).

In their first issue on appeal, Appellants argue that Citimortgage did not have the authority to initiate foreclosure proceedings. Appellants' Brief at 13-14. Specifically, Appellants contend that as of the date of the sheriff's sale, the assignment of the mortgage to Citimortgage had not been recorded, and Infinity had not transferred the note to Citimortgage. *Id.* at 14. Our review of the record reveals that Appellants' argument is meritless.

"Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." *Smith v. Cumberland Group, Ltd.*, 687 A.2d 1167, 1172 (Pa. Super. 1997) (citations omitted). Accordingly, "the assignee is usually the real party in interest and action on the assignment must be prosecuted in his name." *Wilcox v. Regester*, 207 A.2d 817, 820 (Pa. 1965). Herein, Citimortgage attached to its complaint the assignment of the mortgage, which was executed on July 23, 2012 and recorded in the Montgomery County Recorder of Deeds office on July 31, 2012. Complaint in Mortgage Foreclosure, 11/5/12, at Exhibit D, Assignment of Mortgage, 7/23/12. The assignment provided that Infinity assigned to Citimortgage the mortgage, "[t]ogether with all [r]ights, [r]emedies and [i]ncidents thereunto belonging. All its [r]ight, [t]itle, [i]nterest, [p]roperty, [c]laim and [d]emand, in and to the same[.]" *Id.* Therefore, Citimortgage was the real party in interest and had the same

right to enforce the mortgage and note by foreclosing on the property when Appellants defaulted. **See Wilcox**, **supra**. Accordingly, the trial court did not abuse its discretion in refusing to set aside the sheriff's sale on this ground. **See Nationstar**, **supra**.

In their second issue on appeal, Appellants contend that the trial court erred by deciding their motion to set aside the sheriff's sale without scheduling an evidentiary hearing, which Appellants requested. Appellants' Brief at 15. Appellants assert that Novotny "would have [] testified that [Appellants] were advised by [Citimortgage's] representative that the [s]heriff's [s]ale was on 'hold' pending loan modification analysis by [Citimortgage]." **Id.** This argument is meritless.

"An agreement to forbear from foreclosure, between mortgagor and mortgagee, has been held to represent an interest in land such that the agreement is subject to the Statute of Frauds and must be in writing." **Strausser v. PRAMCO, III**, 944 A.2d 761, 765 (Pa. Super. 2008) (citation omitted). Herein, the trial court explained that "[Appellants] neither attached to, nor alleged in [their] [m]otion, any written documentation to support [their] claim of forbearance. [Appellants] also did not assert a written for[]bearance [agreement] in [their] brief." Trial Court Opinion, 3/31/15, at 4-5. Similarly, Appellants do not allege that a written agreement to forbear exists in their appellate brief. Instead, they assert that their testimony would have reflected an oral statement that

- 5 -

Citimortgage put the foreclosure proceedings on hold. Appellants' Brief at 15. Oral statements, however, cannot satisfy the statute of frauds. *See Strausser*, *supra*. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion on the basis that Citimortgage orally agreed to put the forbearance on hold. *See Nationstar*, *supra*.

Further, we note that in their request for an evidentiary hearing, Appellants summarized the evidence they would present as follows. "[Appellants] respectfully request[] an evidentiary hearing upon which [Appellants] can examine [Citimortgage's] purported proof that it was the pre-judgment record mortgage assignee and note transferee[], as well as [Citimortgage's] contest [sic] that [Appellants were], in fact, not advised that the [s]ale was on hold." Appellants' Reply in Support of Appellants' Motion to Set-Aside Citimortgage's Sheriff's Foreclosure Sale, 11/25/13, at 1. We agree with the trial court that the lack of an evidentiary hearing did not prejudice Appellants, as a review of Appellants' pleadings and briefing revealed Appellants did not have any evidence to contradict the assignment or support a written forbearance agreement. Trial Court Opinion, 3/31/15, at 5. Therefore, the trial court did not abuse its discretion in denying Appellants an evidentiary hearing. *See Nationstar*, *supra*.

Based on the foregoing, we conclude both of Appellants' issues lack merit and the trial court did not abuse its discretion in denying Appellants'

motion to set aside the sheriff's sale. ***See id.*** Accordingly, we affirm the trial court's October 27, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2015