J-S68036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA<br>NATIONAL ASSOCIATION TRUSTEE<br>Appellee<br><br>v.<br><br>KEVIN A. KRONBERG<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br>No. 3365 EDA 2014 |

Appeal from the Order October 21, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2010-08737

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 28, 2015**

Appellant, Kevin A. Kroberg, appeals from the October 21, 2014 order denying his "Motion to Set-Aside Sheriff's Foreclosure Sale."  After careful consideration, we affirm on the basis expressed in the thorough and well-supported opinion of the Honorable Thomas C. Branca.

The trial court summarized the procedural and factual history of this case in its April 27, 2015 opinion, and we need not repeat it here in full. We highlight a few salient points for clarity.  This matter commenced with the filing of a mortgage foreclosure complaint by Appellee, HSBC Bank, NA Trustee (HSBC Bank), on April 5, 2010.  HSBC Bank obtained a default judgment on May 28, 2010, and the matter proceeded to a sheriff's sale on December 18, 2013.  Throughout this time, Appellant took no responsive action in the case except to move to adjourn the sheriff's sale on September

23, 2013, which was withdrawn later that same day. The motion was refiled on December 17, 2013 and denied the following day. The property was sold at a sheriff's sale on February 10, 2014. The sheriff's deed was delivered and recorded on February 20, 2014. Not until March 5, 2014, did Appellant file the instant petition to set aside the sheriff's sale. After hearing argument, and receiving briefs from the parties, the trial court denied Appellant's petition on October 23, 2014. Appellant filed a timely notice of appeal on November 19, 2014.[1]

On appeal, Appellant raises the following issues for our review.

> (1) Did the trial court commit an error of law in denying Kronberg's Motion to Set-Aside Sheriff's [F]oreclosure Sale when [HSBC Bank] (Plaintiff below), foreclosing lender did not have "authority"/standing to execute on its foreclosure judgment for want of a pre-judgment record assigned mortgage and negotiated transferred note such as to allow foreclosing lender to have conducted its Sheriff's Sale?
>
> (2) Did the trial court commit an error of law in denying a requested evidentiary hearing, or, alternatively, discovery towards oral argument?

Appellant's Brief at 8.[2]

_____

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] Appellant failed to include his second issue in his Rule 1925(b) statement. Therefore, we conclude this issue is waived. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (holding "any issues not raised in a Rule 1925(b) statement will be deemed waived").

We note the following standards guiding our review of this appeal.

> Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

**Nationstar Mortgage, LLC v. Lark**, 73 A.3d 1265, 1267 (Pa. Super. 2013).

> [Pennsylvania] Rule [of Civil Procedure] 3135 makes it clear that a party has 20 days to take exceptions before the sheriff executes a sheriff's deed.
>
> Taken together, Rule 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered.

**Mortgage Elec. Registration Sys., Inc. v. Ralich**, 982 A.2d 77, 80 (Pa. Super. 2009), *appeal denied*, 992 A.2d 889 (Pa. 2010). "There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." **Id.** (citations omitted).

Instantly, Appellant's petition was patently late. However, Appellant asserts that he has demonstrated lack of authority for the sheriff's sale, because "[t]he failure of a pre-judgment record assigned mortgage and

- 3 -

negotiated transferred note through the chain of loan title precludes foreclosing lender's authority/standing to have executed thereupon its default judgment …." Appellant's Brief at 14. Essentially, Appellant claims the sheriff had no authority to sell the property because HSBC Bank allegedly lacked standing at the time it brought the suit. *Id.*

We agree with the trial court that Appellant's claim is meritless. Standing is a non-jurisdictional and waivable issue. *In re Condemnation by Urban Redev. Auth. of Pittsburgh*, 913 A.2d 178, 181 n.6 (Pa. 2006). Any challenges to a party's capacity to sue must be raised in preliminary objections or in an answer to the complaint. *In re Estate of Alexander*, 758 A.2d 182, 189 (Pa. Super. 2000); *see also* Pa.R.C.P., Rule 1028(a)(5). The issue of standing to sue is waived unless specifically raised in a preliminary objection or in the answer to the complaint. *Erie Indem. Co. v. Coal Operators Cas. Co.*, 272 A.2d 465, 467 (Pa. 1971). Appellant never challenged HSBC Bank's standing during the foreclosure proceedings, and has waived the issue. We also agree with the trial court that HSBC Bank's various pleadings and averments were adequate on their face to indicate HSBC Bank's standing was proper. Trial Court Opinion, 4/27/15, at 6-7.

Accordingly, we adopt the April 27, 2015 opinion of the Honorable Thomas C. Branca as our own for the purposes of our disposition of this appeal. We conclude the trial court did not abuse its discretion when it denied Appellant's petition to set aside the sheriff's sale in this case. *See*

*Lark*, *supra*. Accordingly, we affirm the trial court's October 21, 2014 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2015</u>