J-A11011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PHOENIXVILLE FEDERAL BANK & TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS J. PULEO D/B/A RFJ & ASSOCIATES AND TRIPLE T FARMS, | |
| Appellants | No. 1730 EDA 2015 |

Appeal from the Order Dated May 12, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2012-01133

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2016**

Francis J. Puleo d/b/a RFJ & Associates and Triple T Farms ("Puleo") appeal from the May 12, 2015 order denying his Petition to Set Aside Sheriff's Sale.  We affirm.

We glean the facts of this case from the record.  Puleo owned a farm in Chester County ("the Property").  Phoenixville Federal Bank & Trust ("Bank") extended two commercial loans to Puleo on March 10, 2004, totaling $600,000.  Each loan was evidenced by a note and a loan agreement.  As security for the loans, Puleo executed two mortgages on the Property.  After Puleo defaulted on the loans, Bank filed a complaint for

_____

[*]  Former Justice specially assigned to the Superior Court.

confession of judgment against him on February 1, 2012, and a writ of execution on May 3, 2013. A sheriff's sale of the Property was scheduled for August 15, 2013. However, because Puleo successfully evaded service of process for several months, the sale was postponed until October 17, 2013, at Bank's request.

Three days before the October 17, 2013 sheriff's sale, Puleo filed a petition for stay of execution of the sale. The petition was scheduled for oral argument on November 4, 2013. However, on October 30, 2013, Puleo filed a Chapter 7 bankruptcy petition, which the federal district court dismissed on November 18, 2013, noting it had been filed in bad faith.

With the bankruptcy petition dismissed, Bank refiled its writ of execution on January 31, 2014, and the Property was scheduled for sheriff's sale on August 21, 2014. Puleo filed a second petition for stay of the sheriff's sale on August 8, 2014. The trial court issued a rule to show cause as to why the petition should not be granted on August 20, 2014, scheduled oral argument for November 14, 2014, and ordered that the sheriff's sale would be stayed upon Puleo posting a bond with the prothonotary in the amount of $652,154.63. Puleo did not post the bond, and the Property was sold to Bank, as scheduled, on August 21, 2014, for $1.00.

Thereafter, Puleo filed a Petition to Set Aside Sheriff's Sale of Real Property ("Petition to Set Aside") on September 2, 2014. The next day, the trial court issued a second rule to show cause, scheduled argument on the

Petition to Set Aside for November 14, 2014, and directed Puleo to post a bond in the amount of $631,000 (Bank's upset price) in order to stay delivery of the sheriff's deed to Bank. Puleo did not post the bond before or during oral argument on November 14, 2014. The sheriff delivered a deed to Bank on December 15, 2014, and the deed was recorded on December 22, 2014.

Puleo filed a "Praecipe for Lis Pendens" on December 19, 2014, attempting to index his objection to the sheriff's sale. As owner of the Property, Bank filed a "Motion to Strike Lis Pendens" ("Motion to Strike") on January 30, 2015. The trial court denied the Petition to Set Aside on May 12, 2015, and the next day it granted Bank's Motion to Strike. Puleo filed a notice of appeal on June 11, 2015, from the May 12, 2015 order. Puleo and the trial court complied with Pa.R.A.P. 1925.

Puleo presents the following questions for our consideration:

> 1. Did the Court abuse it's [sic] discretion by requiring [Puleo] to post a bond to stay the Sheriff's Sale when [Puleo] was the owner of the real estate being foreclosed upon, that value of the property was above that of the demand and [Puleo] had a legitimate legal objection to halt the Sheriff Sale?
>
> 2. Did the Lower Court abuse it's [sic] discretion by demanding that depositions be taken when sufficient evidence was already of record in the petitions to render a decision?
>
> 3. Did the Lower Court abuse its discretion when it failed to conduct a hearing when all witnesses on both sides were available on November 14th, 2014 to give testimony?
>
> 4. Should the Lower Court have stayed the dismissal of the "Lis Pendens" filing until after the appeal period of thirty

- 3 -

days ran and/or then if an appeal was filed, after the completion of the matter?

Appellant's Brief at 2.   Additionally, Appellant presents a list of questions that "need to be addressed by the Lower Court[.]"  Appellant's Brief at 2–3.[1]

The following principles guide our review:

> "The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." **Bank of America, N.A. v. Estate of Hood**, 47 A.3d 1208, 1211 (Pa.Super.2012) (quoting **Provident Nat'l Bank, N.A. v. Song**, 832 A.2d 1077, 1081 (Pa.Super.2003), *appeal denied*, 577 Pa. 736, 848 A.2d 929 (2004)). Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. **Bornman v. Gordon**, 363 Pa.Super. 607, 527 A.2d 109, 111 (1987), *appeal denied*, 517 Pa. 620, 538 A.2d 874 (1988). Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. **Blue Ball Nat. Bank v. Balmer**, 810 A.2d 164, 167 (Pa.Super.2002), *appeal denied*, 573 Pa. 662, 820 A.2d 702 (2003). An abuse of discretion occurs where, for example, the trial court misapplies the law. **Warmkessel v. Heffner**, 17 A.3d

---

[1] Puleo's list of questions "to be addressed by the trial court" are not subject to our review because they were not raised in the trial court.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Furthermore, we note that Puleo's counseled brief is devoid of pertinent discussion and citation of authorities, and citations to the record.  Hence, Puleo is in clear violation of Pa.R.A.P. 2119(a), (b), and (c).  Although we could find his issues waived, we shall address them.  **See Lundy v. Manchel**, 865 A.2d 850, 855 (Pa. Super. 2004) ("Appellate arguments which fail to adhere to these rules may be considered waived.").

408, 413 (Pa.Super.2011), *appeal denied*, 613 Pa. 671, 34 A.3d 833 (2011).

***Nationstar Mortgage, LLC v. Lark***, 73 A.3d 1265, 1267 (Pa. Super. 2013).

Appellant first argues that the trial court erred in requiring him to post a bond to stay the sheriff's sale. According to Appellant, the Property "was appraised at over $1,000,000.00. Its value alone should have been enough in excess of the amount sought by the Bank to insure the Bank's position and full recovery if [Puleo's] petitions were denied." Appellant's Brief at 7. We disagree.

Pa.R.C.P. 3121 governs the trial court's inherent power to stay execution proceedings and reads, in relevant part, as follows:

> Execution shall be stayed as to all or any part of the property of the defendant . . . **upon the entry of bond** with the prothonotary, by any person or party in interest, with security approved by the prothonotary, in the amount of plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as obligee, and conditioned to pay the amount due within ninety (90) days of the entry of bond, unless the time for payment be further extended by the court.

Pa.R.C.P. 3121(a)(2) (emphasis supplied).

The trial court disposed of Puleo's first issue as follows:

> [Puleo] did not receive a stay because [Puleo] failed to post the required bond with the Prothonotary. Moreover, [Puleo] did not challenge [the] bond requirement or seek relief from the amount of the bond. The failure to receive a stay in this matter was self-created by [Puleo]. Accordingly, [Puleo's] claim must fail.

Trial Court Opinion, 7/28/15, at 4.

Upon review, we discern no abuse of the trial court's discretion. *Nationstar Mortgage*, 73 A.3d at 1267 (citation omitted). The trial court was authorized to require Puleo to post a bond in order to stay execution of Bank's judgment. Pa.R.C.P. 3121(a)(2). The record before us reveals that the trial court afforded Puleo the opportunity to post a bond on three occasions: (1) prior to the sheriff's sale, Order Issuing Rule to Show Cause, 8/20/14, at ¶ 7; (2) prior to issuance of the sheriff's deed, Order Issuing Rule to Show Cause, 9/3/14, at ¶ 7; and (3) at oral argument prior to issuance of the sheriff's deed, Motion to Strike, 1/30/15, at ¶¶ 17–19. Puleo did not post a bond at any time, and therefore, did not obtain a stay of the underlying proceedings. No further analysis is necessary.

In his second and third issues, Puleo argues that the trial court erred in "demanding" that he take depositions in furtherance of the Petition and in failing to conduct an evidentiary hearing. Puleo's Brief at 8. According to Puleo, "the [c]ourt did not need deposition[s] as all they would do is reaffirm the evidence contained in either of the two petitions of [Puleo] (They were virtually the same except for their demands.) and [Bank's] response." *Id.* With regard to not being able to call witnesses at the November 14, 2014 proceeding, Puleo argues, "What is the point of a hearing on a matter that no argument or testimony is taken and a decision is not rendered[?]" *Id.* at 9.

In response to Puleo's second issue, Bank contends that "Puleo has not set forth any evidence whatsoever demonstrating any procedural defects or irregularities that would warrant setting aside the August 21, 2014 Sheriff's Sale." Bank's Brief at 12 (citing **Bank of Am., N.A. v. Estate of Hood**, 47 A.3d 1208, 1213 (Pa. Super. 2012) (trial court abused its discretion by setting aside a sheriff's sale without any procedural defects based upon post-sheriff's sale offer to purchase the property at issue)). As for Puleo's third issue, Bank filed an answer to the Petition, which "contained verified denials, thus raising disputed issues of material fact. Accordingly, under Rule 206.7(c), the burden shifted to Puleo to take depositions or such other discovery to show cause as to why the Banks' denials were incorrect." Bank's Brief at 14. We agree with Bank on both issues.

Here, the trial court approached Puleo's petition to set aside the sheriff's sale in conformity with Pa.R.C.P. 206.7 (Procedure After Issuance of Rule to Show Cause). Trial Court Opinion, 7/28/15, at 4–5. In disposing of Puleo's second and third issues, the trial court set forth its Rule 206.7-based analysis, which we adopt as our own:

> In the present case, [Puleo's] petition was denied for two reasons. First, the relief requested in the petition was moot because [Puleo] failed to comply with the bond requirement and the Sheriff had already issued the deed to the Property. Moreover, [Puleo] failed to carry his burden under Pa.R.C.P. No. 206.7.
>
> In response to [Puleo's] Petition to Set Aside, this [c]ourt issued a Rule on September 3, 2014. The Rule required [Bank] to answer [Puleo's] Petition to Set Aside within twenty (20) days of

service thereof. Id. [Bank's] answer to the Petition to set Aside, together with a certificate of service was timely filed on September 22, 2014, thereby requiring the proceeding described in Pa.R.C.P. No. 206.7 and the [c]ourt's September 3, 2014 Rule. [Puleo] failed to conduct meaningful discovery via deposition and oral argument commenced on November 14, 2014.

To reiterate, the September 3, 2014 Rule mandated that the Petition be decided pursuant to the procedures specified in Pa.R.C.P. No. 206.7. The Rule also explained to the parties that depositions must be completed within forty-five (45) days of service of [Bank's] answer. Pursuant to the Rule, argument was scheduled on the Petition to Set Aside.

Pa.R.C.P. No. 206.7 states as follows:

> [If an answer to a petition to set aside is filed raising disputed issues of material fact, the petitioner **may** take depositions on those issues, **or such other discovery** as the court allows, within the time set forth in the order of the court. **If the petitioner does not do so**, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.]

See Pa.R.C.P. No. 206.7(c).

Here, [Puleo] failed to conduct depositions or other meaningful discovery, therefore, the [c]ourt decided the Petition to set Aside after oral argument on petition and answer only. All of [Bank's] averment[s] of facts that were responsive to the petition and properly pleaded in the answer were deemed admitted for purposes of deciding the Petition to Set Aside. Despite [Puleo's] contention that the record contained sufficient evidence for the [c]ourt to rule in favor of [Puleo], [Bank's] answer created disputed issues of material fact by denying all material averments contained in [Puleo's] Petition to Set Aside. See Pl's Answer, 9/22/14. Based on [Puleo's] failure to conduct meaningful discovery as required by Pa.R.C.P. No. 206.7 and the [c]ourt's Order dated September 3, 2014, the Petition was denied on May 12, 201[5]. See McCoy v. Mahoney, 820 A.2d

736, 740 (Pa. Super. 2003). [Puleo's] failure to conduct depositions prevented him from carry his burden under Rule 206.7. Accordingly, all of [Puleo's] remaining arguments are devoid of merit.[6]

> [6] We note that [Puleo] contends that the lower [c]ourt abused its discretion by failing to conduct a hearing when all witnesses were available to give testimony; however, this argument is misplaced for two reasons. First, this matter was schedule[d] for oral argument by Order dated September 3, 2014. As such, oral argument is not of record so testimony would not have been recorded of record by a Court Reporter. The parties are informed of this when the argument is scheduled. Second, as the parties had oral argument only on the Petition to Set Aside, there is no record of facts evidencing that any witnesses were present and prepared to give testimony.

Trial Court Opinion, 7/28/15, at 5–6.[2]

Puleo's final issue challenges the May 13, 2015 order striking his *lis pendens*. Puleo's Brief at 9–10. Bank responds that Puleo's notice of appeal refers only to the May 12, 2015 order denying his Petition to Set Aside; therefore, his final issue is waived. Bank's Brief at 15.

Our review of the record confirms that Puleo's notice of appeal does not include the May 13, 2015 order granting Bank's Motion to Strike. Notice of Appeal, 6/11/15. Therefore, we are constrained to conclude that this issue is not before us within Puleo's appeal. Puleo failed to file a notice of

---

[2] Contrary to Puleo's characterization of the record, the trial court did not **demand** that he take depositions. Rather, the trial court afforded Puleo his rule-based opportunity to take depositions and/or conduct discovery in response to Bank's answer. Pa.R.C.P. 206.7(c).

appeal from the order docketed on May 13, 2015, relating to Bank's Motion to Strike. Hence, his challenge to the May 13, 2015 order is waived. ***See Brown v. Greyhound Lines, Inc.***, 2016 PA Super 108, ___ A.3d ___ (Pa. Super. filed May 24, 2016) (concluding that issue relating to the court-ordered production of a mock deposition was not before the Superior Court where appellant failed to file a notice of appeal from the June 3, 2015 order disposing of that issue).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016