J-S02016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., S/B/M WACHOVIA MORTGAGE CORPORATION | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JC BOHLEMAN, A/K/A J.C. BOHLEMAN, LINDA BOHLEMAN, A/K/A LINDA J. BOHLEMAN | : : : : : : | No. 1477 EDA 2017 |
| APPEAL OF: JC BOHLEMAN | : | |

Appeal from the Order Entered April 5, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  150200348

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:            **FILED APRIL 11, 2018**

Appellant JC Bohleman appeals from the order denying his petition to set aside the sheriff sale of his residence in Philadelphia (Property).  Appellant claims that the trial court erred in refusing to set aside the sale because the prothonotary improperly rejected an emergency motion to postpone the sale and the trial court subsequently scheduled a hearing on the motion while his counsel was on trial in a different county.  We affirm.

Appellee, Wells Fargo Bank, N.A., s/b/m Wachovia Mortgage Corporation, initiated foreclosure proceedings on the Property in February of 2015, seeking an *in rem* judgment of $217,688.75, as well as interest, costs,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and attorneys' fees. The docket indicates that Michael Stosic, Esq. entered an appearance on behalf of the named defendants, Appellant and Linda Bohleman (Linda) (collectively Defendants), and filed an answer and new matter.

On August 23, 2016, the foreclosure action proceeded to trial. Defendants and Stosic failed to appear for trial, and the trial court found in favor of Appellee.[1] Defendants did not file a motion for post-trial relief.

On September 14, 2016, twenty-two days after the decision, the Pennsylvania Supreme Court suspended Attorney Stosic for one year. However, Stosic remained listed as Appellant's counsel of record in the Office of Judicial Records (OJR).

On September 17, 2016, Appellee filed a praecipe for writ of execution. On October 6, 2016, Appellee served Appellant with the writ and apprised him that sale was scheduled for January 10, 2017.

On Friday, January 6, 2017, Appellant, through his present counsel, Melissa Freeman, Esq., attempted to file an "emergency motion to postpone the sheriff sale on equitable grounds pursuant to Pa.R.C.P. 3183(b)(2)" (Motion to Postpone). Appellant noted that Stosic had been suspended from

---

[1] **See** Pa.R.C.P. 218(b)(1) & note (indicating that a plaintiff (Appellee here) may proceed to trial if the defendant (Appellant) is not ready and that "[a] decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear").

practice and averred that Stosic failed to advise Appellant of the trial date or the entry of the judgment. Appellant attached, but did not separately file, a petition to strike and/or open the default judgment as an exhibit to the Motion to Postpone.[2]

According to Appellant, the Motion to Postpone was initially accepted, but was then rejected for filing because Stosic was still listed as counsel of record in the OJR. Attorney Freeman averred that she then conferred with the prothonotary, the clerk for the President Judge, and a court administrator, Dominic Rossi, Esq. Attorney Rossi advised Attorney Freeman to file the motion on the following business day, Monday, January 9, 2017. Attorney Freeman alleged that during these conversations, she advised the participants that she had a scheduling conflict on January 9, 2017, due to a jury trial in another county.

Appellant filed the Motion to Postpone on January 9, 2017. The motion did not indicate that counsel would not be available for a hearing on January 9, 2017.

That same day, Appellant's Motion to Postpone was assigned to Judge Linda Carpenter. Judge Carpenter issued a rule to show cause order scheduling a hearing for 1:30 p.m. Neither Appellant nor Attorney Freeman

---

[2] The attached peititon to strike and/or open the default judgment suggested that Appellee improperly demanded payments for forced-placed insurance when Appellant had insurance in place.

appeared for the hearing, and Judge Carpenter entered an order denying the motion to postpone for "failure to appear."[3]

According to Attorney Freeman, she was not aware that the Motion to Postpone was denied and she attempted to contact the court that afternoon after her jury trial in Bucks County. Attorney Freeman attempted to schedule a hearing before the night emergency judge. Attorney Freeman alleged that she was told to address the matter in the morning. Attorney Freeman contacted opposing counsel, who informed her that Appellee's counsel would be present for a hearing on January 10, 2017. When the prothonotary's office opened on January 10, 2017, the clerk informed Attorney Freeman that Judge Carpenter denied the Motion to Postpone. The property was sold later that same day.

Appellant filed the instant petition to set aside the sheriff sale on January 13, 2017. Appellant claimed that the prothonotary should have filed the Motion to Postpone on January 6, 2017, and that the prothonotary failed to inform Judge Carpenter of Attorney Freeman's scheduling conflict on January 9, 2017. Appellant further suggested that Judge Carpenter should not have denied the Motion to Postpone on January 9, 2017, because Attorney Freeman had good cause for failing to appear. Appellant requested that the trial court set aside the sale and consider the petition to strike and/or open the default judgment attached to the Motion to Postpone.

---

[3] The order denying the motion to postpone was dated January 9, 2017, docketed on January 10, 2017, and served on January 11, 2017.

Appellee answered Appellant's petition to set aside the sheriff sale. Appellee asserted, in relevant part, that Attorney Freeman's scheduling conflict did not warrant setting aside the sheriff sale when Appellant showed a lack of urgency after receiving notice of the sheriff sale on October 6, 2016.

The trial court conducted a brief hearing on April 5, 2017,[4] and thereafter denied the petition to set aside the sheriff sale on April 6, 2017. Appellant timely appealed and complied with the court's order for a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

The trial court filed a responsive Pa.R.A.P. 1925(a) opinion. The court concluded that Appellant failed to demonstrate a breakdown in the operations of the court with respect to the motion to postpone the sheriff sale. First, the court suggested that the OJR properly rejected Appellant's Motion to Postpone on January 6, 2017, because the OJR was unaware of Stosic's suspension and Attorney Freeman did not enter an appearance or file a praecipe to substitute as counsel. Trial Ct. Op., 9/8/17, at 5. Second, the court concluded that Judge Carpenter properly denied the motion to postpone filed on January 9, 2017, because counsel failed to appear and did not arrange for substitute counsel to appear on her behalf. *Id.* at 7. The court further noted that Attorney Freeman did not seek reconsideration of the denial of the motion to postpone before Judge Carpenter.

_____

[4] At the hearing, Attorney Freeman averred that Appellant approached her in December of 2016 and retained her in January of 2017.

Appellant presents the following issues for review:

1. Whether the trial court committed an error of law when the prothonotary rejected a filed emergency motion to postpone a sheriff sale and issued a refund of the filing fee, due to the already entered appearance of [Stosic], a formerly admitted attorney known to be suspended from the practice of law.

2. Whether the trial court abused its discretion when deciding that the breakdown in court operations was remedied by knowingly scheduling the hearing during a jury trial in another county, instead of allowing [Attorney Freeman] to present the motion, after it was erroneously rejected, to the after hours judge or in the morning immediately before the sale.

Appellant's Brief at 2-3.

We address Appellant's arguments jointly. Appellant asserts the breakdown in the operation of the court excused Attorney Freeman's failure to appear for the hearing on Appellant's Motion to Postpone. In support Appellant argues that the prothonotary lacked the authority to reject the filing of the Motion to Postpone on January 6, 2017. Appellant also contends that the trial court failed to give adequate consideration to Attorney Freeman's scheduling conflict and erred in concluding that Attorney Freeman had a duty to find substitute counsel to attend the January 9, 2017 hearing. In short, Appellant suggests that the sheriff sale should be set aside because court breakdowns resulted in a loss of his opportunity to be heard on the Motion to Postpone.

Additionally, Appellant challenges the court's various findings, including its suggestions that OJR was unaware of Stosic's suspension and that Attorney Freeman had advance notice to find substitute counsel for the January 9, 2017

hearing. Appellant further contends that, contrary to the trial court's suggestion, Attorney Freeman could not have filed a motion to reconsider with Judge Carpenter on January 10, 2017, when the sale was scheduled to begin that same day. Lastly, Appellant asserts that the trial court's suggestion that Attorney Freeman was responsible for finding substitute counsel placed an undue hardship on counsel to be in two places at the same time.

We review the trial court's ruling to deny a petition to set aside a sheriff sale for an abuse of discretion. *See Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013). Pennsylvania Rule of Civil Procedure 3132 states:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

Following our review, we conclude that Appellant's focus on the alleged breakdowns in the trial court warrant no relief. Even if the January 6, 2017 rejection of the Motion to Postpone constituted a breakdown, the court accepted Appellant's filing on January 9, 2017, one day before the scheduled sheriff sale. As suggested by the trial court, Attorney Freeman knew or should have known that the filing of her emergency motion on January 9, 2017, would have triggered the prompt scheduling of a hearing. Although Attorney Freeman stated that she orally informed various court personnel of her scheduling conflict on January 9, 2017, she did not formally advise the court

of that conflict in writing. Attorney Freeman also apparently made no arrangements for receiving and responding to the rule to show cause order scheduling the hearing in a timely fashion or to have substitute counsel to appear at the hearing.

Under these circumstances, we discern no abuse of discretion or error of law in the trial court's ruling that the scheduling of the January 9, 2017 hearing on Appellant's Motion to Postpone did not constitute a breakdown in the operation of the court. Thus, we agree that Appellant failed to assert proper cause for setting aside the sale. *See Lark*, 73 A.3d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/18